UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RITA IRENE NUNEZ, MELCHOR TATIA, ISAAC QUIROZ, PAUL LOPEZ, VERONICA LOPEZ, and DOES 1 to 10,<br><br>Defendants. | No. 1:21-cv-00150-JLT-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART<br><br>GRANTING MOTION FOR DEFAULT JUDGMENT IN THE FORM OF A DECLARATION AGAINST DEFENDANTS RITA IRENE NUNEZ, MELCHOR TATIA, AND ISAAC QUIROZ REGARDING DUTY TO DEFEND AND INDEMNIFY<br><br>DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT IN THE FORM OF A DECLARATION REGARDING ATTORNEY'S FEES AND COSTS INCURRED IN UNDERLYING ACTION<br><br>(Docs. 26, 32) |

General Insurance Company of America filed this action against Rita Irene Nunez, Melchor Tatia, Isaac Quiroz, Paul Lopez, and Veronica Lopez. (Doc. 1.) Plaintiff issued a homeowner's insurance policy to Nunez, who resides with her husband, Tatia, and her son, Quiroz (collectively "the Insured Defendants"). (*See id*. ¶ 11.) The remaining Defendants, Paul and Veronica Lopez, have asserted liability claims against Defendants Nunez, Tatia, and Quiroz on the basis that, on May 29, 2020, Quiroz supplied a controlled substance, fentanyl, to Paul and Veronica Lopez's son, resulting in his death (the "Underlying Claim"). (*See id*. at ¶ 17.)

Plaintiff filed a motion for default judgment against the Insured Defendants. (Doc. 26.)

The assigned magistrate judge issued findings and recommendations recommending that the motion be granted. (Doc. 32.) Those findings and recommendations were served on the parties and contained notice that objections thereto were to be filed within 14 days. (*Id.*) No party has objected, and the time in which to do so has passed. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis in part.

The motion for default judgment requests a declaration that Plaintiff owes no duty to defend or indemnify to the Insured Defendants. (Doc. 26 at 2.) The Court agrees with the findings and recommendations that the Underlying Claim does not fall within the insuring agreement. The Court also agrees that the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), favor entry of default judgment in the form of declaratory judgments that Plaintiff has no duty to defend or indemnify the Insured Defendants for any litigation brought against it arising out of or related to the Underlying Claim.

The motion for default judgment also seeks a declaration that the Insured Defendants are obligated to reimburse Plaintiff all defense fees and costs it has incurred in providing the Insured Defendants a defense in connection with the Underlying Claim. (Doc. 26 at 2.) The findings and recommendations correctly explain that California law allows insurers to be reimbursed for attorney's fees and other expenses paid in defending insureds against claims for which there was no obligation to defend. (Doc. 32 at 8.) However, the present record does not sufficiently support issuance of the requested declaration because Plaintiff has presented no evidence regarding the actual or estimated amount of fees and costs incurred in connection with its defense of the Underlying Claim. As one district court explained in rejecting an analogous request for reimbursement made alongside requests for declaratory relief: "The moving party has the burden to 'prove up' the amount of damages." *United Specialty Ins. Co. v. Ghazaryan*, No. CV 20-04262 PA (PDX), 2020 WL 6784522, at *3 (C.D. Cal. Sept. 28, 2020).[1] The lack of record evidence on

---

[1] In *Ghazaryan*, the court was faced with a direct request for reimbursement of fees and costs. 2020 WL 6784522, at *3. Here, Plaintiff instead seeks a declaration that it is entitled to

the issue deprives the Court of the ability to apply the *Eitel* factors to this aspect of the motion for default judgment, as one of those factors is "the sum of money at stake in the action." *Eitel*, 782 F.2d at 1472. For this reason, the request for a declaration regarding reimbursement of fees and costs will be DENIED without prejudice. Accordingly,

1. The findings and recommendations issued on April 12, 2022 (Doc. 32) are adopted in part.
2. Plaintiff's motion for default judgment against Defendants Rita Irene Nunez, Melchor Tatia, and Isaac Quiroz (Doc. 26) is **GRANTED IN PART**;
3. Default judgment shall be entered in favor of Plaintiff and against Defendants Rita Irene Nunez, Melchor Tatia, and Isaac Quiroz as follows.
    a. The Court **DECLARES** that Plaintiff has no duty, and never had a duty, to defend the Insured Defendants against the underlying third-party liability claims,
    b. The Court **FURTHER DECLARES** that Plaintiff has no duty, and never had a duty, to indemnify the Insured Defendants in the underlying claim.
4. The remaining aspects of the motion for default judgment are **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

   Dated:   **April 27, 2022**

UNITED STATES DISTRICT JUDGE

---

reimbursement of fees and costs. This is a distinction without a difference, as granting Plaintiff's request for a declaration presumably would have the practical effect of approving a future request for fees and costs, else the request inappropriately seeks an advisory opinion.